2024 PA Super 252

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- | --- |
| v. | : | |
| KEVIN RAY BRADLEY | : | |
| Appellant | : | No. 123 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 29, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000076-2022

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: OCTOBER 31, 2024**

Appellant Kevin Ray Bradley appeals from the judgment of sentence entered by the Court of Common Pleas of Lycoming County after Appellant entered a *nolo contendere* plea to Obstructing Administration of Law or Other Governmental Function and Harassment. Appellant's attorney, Nicole J. Spring, Esq. ("appellate counsel"), has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). As we determine there are non-frivolous issues to appeal in this case, we deny counsel's request to withdraw and remand for the filing of an advocate's brief.

In June 2021, Appellant was initially charged with two counts each of Intercepting Communications (18 Pa.C.S.A. § 5703(1)) and Disclosure of Intercepted Communications (18 Pa.C.S.A. § 5703(2)), offenses defined in the Wiretapping and Electronic Surveillance Control Act ("Wiretap Act"). The

---

[*] Former Justice specially assigned to the Superior Court.

prosecution alleged that Appellant had secretly recorded separate conversations with the Mayor of Williamsport, Pennsylvania and the Pennsylvania Supreme Court Deputy Prothonotary without their consent and uploaded those conversations to his YouTube channel. On December 29, 2023, the trial court granted the Commonwealth's uncontested motion to amend the information to add Counts 5 and 6 (Obstructing Administration of Law or Other Governmental Function and Harassment), both of which were graded as misdemeanors.

On the same date, Appellant entered a negotiated *nolo contendere* plea to Obstructing Administration of Law or Other Governmental Function and Harassment. Appellant submitted a written plea colloquy in which he acknowledged that in entering this plea, he was "waiving [his] right to object to anything that [he thought] was improper or illegal in the apprehension and arrest, or in the investigation, and the prosecution of the charges against [him]." Written plea colloquy, 12/29/23, at 5. Appellant also acknowledged in the plea colloquy that an appeal of his plea agreement was limited to four grounds: (1) that his plea was not a knowing, understanding, and voluntary act, (2) that the trial court did not have jurisdiction to accept his plea, (3) the the sentence was improper, illegal, or in excess of the plea agreement, and (4) that his attorney was ineffective in improperly inducing the plea.

At the plea hearing, the trial court specifically asked defense attorney Richard Coble, Esq. ("trial counsel") to confirm that Appellant was not contesting that the Commonwealth could present evidence to convict

Appellant of the obstruction and harassment charges. Trial counsel agreed and noted that "[a]s *currently construed*, [Appellant] believes with the evidence that he would be convicted under the statute." Notes of Testimony (N.T.), 12/29/23, at 6 (emphasis added).

The trial court accepted Appellant's plea and sentenced him to three years' reporting probation. Immediately following the sentencing, trial counsel advised the trial court that Appellant wished to appeal the constitutionality of the Wiretap Act. Trial counsel then requested that Appellant's sentence be deferred for thirty days to allow Appellant to appeal that issue. N.T., 12/29/23, at 6. The trial court's sentencing order indicates that Appellant's sentencing was deferred until January 30, 2024 to give Appellant the opportunity to appeal his sentence.

On January 22, 2024, Appellant filed a *pro se* notice of appeal. On January 24, 2024, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 30, 2024, Appellant filed a *pro se* concise statement, claiming trial counsel "gave bad advice and was incompetent" in advising Appellant to enter a *nolo contendere* plea when trial counsel knew that Appellant planned to appeal to challenge the constitutionality of Pennsylvania's Wiretap Act. Appellant also indicated that trial counsel had informed him after sentencing that he was not qualified to serve as an appellate attorney and had advised Appellant to retain other counsel to file an appeal or to seek the appointment of a public defender.

On February 7, 2024, Appellant filed a *pro se* motion to remove trial counsel from his representation and asserted that he would proceed *pro se* on appeal. Appellant provided the trial court with a copy of an email from trial counsel indicating that he would not represent Appellant on appeal. On March 1, 2024, trial counsel filed a petition to withdraw his representation, citing "a fundamental breakdown of the attorney-client relationship." Motion to Withdraw, 3/1/24, at 2.

On March 11, 2024, the trial court held a hearing to evaluate Appellant's request to proceed *pro se* pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d (1998). Thereafter, the trial court granted Appellant's motion to remove trial counsel and appointed the Public Defender's Office to represent Appellant on appeal. Appellate counsel filed a petition to withdraw her representation along with an **Anders** brief.

As a preliminary matter, we note that Appellant filed a *pro se* notice of appeal while still represented by trial counsel. As our courts do not permit hybrid representation, "*pro se* filings submitted by counseled defendants are generally treated as legal nullities." **Commonwealth v. Williams**, 241 A.3d 353, 355 (Pa.Super. 2020) (citing **Commonwealth v. Ali**, 608 Pa. 71, 10 A.3d 282 (2010)). However, our courts are required to docket a *pro se* notice of appeal from a counseled defendant, as the acceptance of this filing protects the defendant's constitutional right to appeal. **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016). In addition,

a counseled defendant may act on his own to protect important rights where counsel remains technically attached to the case but is no longer serving the client's interest. **See Williams**, **supra**. Thus, where counsel has effectively discontinued working on a defendant's behalf, this Court has concluded that a *pro se* filing does not offend considerations of hybrid representation. **See Commonwealth v. Leatherby**, 116 A.3d 73 (Pa.Super. 2015).

**Commonwealth v. Williams**, 241 A.3d 353, 355 (Pa.Super. 2020).

In this case, Appellant's pro se notice of appeal was properly docketed in this case to protect his right to appeal. Further, Appellant was effectively unrepresented after the judgment of sentence was entered as trial counsel informed Appellant that he would not represent him on appeal and advised him to seek other counsel. Thus, Appellant was proceeding in an essentially unrepresented capacity and the principles of hybrid representation were not implicated. Thus, the appeal in this case is properly before this Court.

We also must evaluate appellate counsel's request to withdraw before we reach the merits of Appellant's issues on appeal to determine whether appellate counsel has complied with the procedures set forth in **Anders** and its progeny. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) *(en banc)* (citing **Commonwealth v. Goodwin**, 928 A.2d 287, 292 (Pa.Super. 2007) (*en banc*)). To do so, we are guided by the following principles:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof ....

- 5 -

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

***Commonwealth v. Falcey***, 310 A.3d 313, 314–15 (Pa.Super. 2024) (quoting ***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted)).

Our Supreme Court has also set forth substantive requirements for counsel's ***Anders*** brief, which must: "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes would arguably support the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." ***Commonwealth v. Santiago***, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009)). Therefore, a fully compliant ***Anders*** brief should "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Id***.

If counsel meets the foregoing obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. This Court has also explained that:

> the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them.

***Yorgey***, 188 A.3d at 1197.

In this case, appellate counsel has submitted both a petition to withdraw and an ***Anders*** brief averring that this appeal is frivolous. Attached to counsel's application is a letter dated May 10, 2024, which properly advised Appellant of his right to retain alternative counsel or raise supplemental arguments on his own.[1] Our review confirms that the ***Anders*** brief submitted provides an adequate summary of the factual and procedural history of this matter, along with a discussion of governing Pennsylvania law as applied to these circumstances. Counsel explains why she believes the appeal is frivolous based on applicable law. ***See id.***

Based upon the foregoing, we conclude that appellate counsel complied with the procedural requirements attendant to ***Anders***. Therefore, we proceed to review the merits of the issue raised in appellate counsel's brief

---

[1] Appellant has not tendered a response to appellate counsel's application to withdraw.

and conduct an independent review of the record to determine if there are any additional, non-frivolous issues not raised by counsel. **Yorgey**, **supra**.

In the **Anders** brief, appellate counsel indicated that Appellant wished to raise two constitutional challenges to the two-party consent requirement of Pennsylvania's Wiretap Act (18 Pa.C.S.A. § 5701, *et seq*.). However, appellate counsel argued that these issues were waived as Appellant did not preserve them before the trial court, but instead chose to enter a *nolo contendere* plea to Obstructing the Administration of Law and Harassment.

We agree with appellate counsel's assessment that Appellant's underlying constitutional challenges are waived on direct appeal. We note that "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Prieto**, 206 A.3d 529, 533–34 (Pa.Super. 2019) (citation omitted).[2] Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" **Commonwealth v. Eisenberg**, 626 Pa. 512, 98 A.3d 1268, 1275 (2014) (citation omitted).

Neither of Appellant's constitutional challenges relate to the jurisdiction of the court, the validity of the plea, or any aspects of Appellant's sentence.

---

[2] "[A] plea of *nolo contendere* is 'a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him as if he were guilty.'" **Commonwealth v. V.G.**, 9 A.3d 222, 226 (Pa.Super. 2010) (quoting **North Carolina v. Alford**, 400 U.S. 25, 36 (1970)) (other citation omitted).

As Appellant entered a *nolo contendere* plea and was sentenced to the negotiated sentence of three years' probation, Appellant's challenges to the constitutionality of the applicable statutes were waived.

However, in our independent review of the record, we observe that Appellant also claimed in his *pro se* concise statement that trial counsel "gave bad advice and was incompetent" in advising Appellant to enter a *nolo contendere* plea when trial counsel knew that Appellant planned to appeal to challenge the constitutionality of Pennsylvania's wiretap law. This assertion is raising the ineffectiveness of trial counsel in advising Appellant to enter a *nolo contendere* plea while simultaneously allowing Appellant to proceed upon the mistaken belief that he could raise a constitutional challenge to the underlying statute on direct appeal.

As a general rule, "claims of ineffective assistance of counsel are to be deferred to PCRA review, … such claims should not be reviewed upon direct appeal." ***Commonwealth v. Holmes***, 621 Pa. 595, 79 A.3d 562 (2013) (citing ***Commonwealth v. Grant***, 572 Pa. 48, 813 A.2d 726 (2002)). However, the ***Holmes*** Court recognized two exceptions to the general rule that ineffectiveness claims are only cognizable in a PCRA petition: (1) where the claim of ineffective assistance of counsel "is apparent from the record and meritorious to the extent that immediate consideration [of the claim] best serves the interests of justice," or (2) where there is good cause shown and the defendant has expressly and knowingly waived his right to seek PCRA review. ***See id.*** at 563-64. Our Supreme Court adopted a third exception,

which "requir[es] trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." *Commonwealth v. Delgros*, 646 Pa. 27, 42, 183 A.3d 352, 361 (2018).

Appellate counsel noted in her *Anders* brief that she believed "[trial] counsel was ineffective from the record for advising the Appellant that he could appeal the constitutionality of a statute [Appellant] wished to challenge after entering a *nolo contendere* plea … and for failing to file post-sentence motions to withdraw the plea." *Anders* brief, at 15. The trial court also indicated in its 1925(a) opinion that "[i]t appears as though the Appellant was under the mistaken belief that, while admitting he understood the law as currently instructed, his no contest plea would be a vehicle to challenge the constitutionality of the law on appeal." Trial Court Opinion, 4/3/24, at 4.

While appellate counsel opined that "trial counsel's ineffectiveness may be apparent from the record," appellate counsel made no attempt to argue that Appellant's ineffectiveness claims could be reviewed on direct appeal under the *Holmes* exception where counsel's ineffectiveness is "apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice." *See Holmes*, *supra*.

Based on our review of the record, we cannot say Appellant's *pro se* attempt to raise this ineffectiveness claim on direct appeal is so clearly devoid

of merit as to warrant classifying this appeal as frivolous.[3]  As such, we must remand for appellate counsel to file an advocate's brief within thirty (30) days of this decision.  The Commonwealth will then have thirty (30) days to file a responsive brief. We will retain panel jurisdiction.

Petition to withdraw denied.  Remanded for further proceedings consistent with this decision.  Jurisdiction retained.

---

[3] In similar circumstances, this Court has recognized that an appellant's "Sixth Amendment right to zealous advocacy on a first appeal forecloses this court from simply deciding [a non-frivolous issue] on the merits on the basis of counsel's **Anders** brief, filed together with his petition to withdraw." **Commonwealth v. Blauser**, 166 A.3d 428, 434 (Pa.Super. 2017).